# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| Sean Stebbins and<br>Sarah Stebbins,<br>       Plaintiffs,<br><br>v.<br><br>Philip Parent and Susan Parent,<br>Vermont Land Trust, Inc.,<br>Vermont Housing Conservation Board,<br>Julie Moore in her official capacity as<br>Secretary of Vermont Agency of Natural<br>Resources, and<br>United States Department of Agriculture,<br>       Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT TO QUIET TITLE, FOR INJUNCTIVE RELIEF, AND TO RECOVER DAMAGES FOR TRESPASS

**NOW COME** Sean Stebbins and Sarah Stebbins (husband and wife)

("Plaintiffs"), by and through their attorneys, SP&F Attorneys, P.C., who bring this

action for declaratory judgment to quiet title to their property against the

Defendants and for their complaint, state as follows:

#### Parties

1.      Plaintiffs, Sean Stebbins and Sarah Stebbins, are residents of the

Town of Enosburg Falls, State of Vermont, and own real estate in the Town of

Sheldon, Vermont.

2.      Defendants, Philip and Susan Parent, are residents of the Town of

Sheldon, Vermont and own real estate in Sheldon, Vermont.

3.      Defendant, Vermont Land Trust, is a Vermont non-profit corporation

with its principal place of business in the City of Montpelier, Vermont.

1

4.    Defendant, Vermont Housing Conservation Board, is a public body of the State of Vermont established by the Vermont Legislature by statute codified at Title 10, Chapter 15 of Vermont Statutes Annotated.

5.    Defendant, Julie Moore, is the Secretary of the Vermont Agency of Natural Resources, an agency of the State of Vermont.

6.    Defendant, United States Department of Agriculture ("USDA"), is an agency of the United States federal government.

<u>Jurisdiction</u>

7.    This Court has jurisdiction under Article III, Section 2 of the U.S. Constitution and pursuant to 28 U.S.C. § 2409a and 28 U.S.C. § 1367.

<u>COUNT I: QUIET TITLE</u>

8.    The Plaintiffs restate paragraphs 1 to 7 as if fully set forth herein.

9.    The Plaintiffs own a parcel of land (hereafter "Plaintiffs' land") in the Town of Sheldon situated along Route 105 immediately north of the Missisquoi River, westerly of a parcel of land owned by Defendants Philip and Susan Parent, and easterly of a parcel of land owned by Gregory and Celeste Stebbins.

10.    The portion of the Plaintiffs' land that is the subject of the controversy between the Plaintiffs and the Defendants is approximately depicted in Exhibit 1 to this Complaint as the portion of the pictured land toward the bottom of Exhibit 1 outlined by black lines and labeled with the following annotation: "Area as shown on survey reference #1 as being owned by Parent."

11.     The Plaintiffs obtained title to Plaintiffs' land by Warranty Deed from Joanne S. Longe and Charles E. Longe, Successor Co-Trustees of the Longe Family Trust, u/t/a dated July 3, 2012, dated April 20, 2022, and recorded in Book 141, Page 112 of the Sheldon Land Records.  A true and correct copy of that deed is attached hereto as Exhibit 2.

12.     The boundary between Plaintiffs' land and the Parents' land runs southerly from Route 105 in a straight line to the northern bank of the Missisquoi River.

13.      Said boundary is described in an 1879 report generated by a committee organized by order of the Franklin County Probate Court dated August 9, 1879 and of record in the Sheldon Land Records at Book 12, Page 132 ("Committee Report").

14.     A true and correct copy of the Committee Report is attached hereto as Exhibit 3.

15.     The Committee's description of the parcel assigned to Arnold Burt, Jr., one of Defendant Parents' predecessors in title, describes the boundary between what is now the Parents' land and the Plaintiffs' land as follows:

> Beginning at a stake and stones standing on the Northwest corner of the Butler lot and running southerly 69 50/100 chains to a stake and stones standing on the North Bank of the Missisquoi River—Thence up the North Bank of the river 6 63/100 chains to a stake: Thence onwardly up the river 2 48/100 chains to a stake and stones set on the North bank of the river—Thence northerly on a line about parallel with the west line of the Butler lot 66 chains to a stake and stones— Thence westerly 8 55/100 chains to the place of beginning containing 55 acres be the same more or less.

SP&F ATTORNEYS, P.C.
171 BATTERY STREET
P.O. BOX 1507
BURLINGTON, VERMONT
05402-1507

16.     The Franklin District Probate Court's August 12, 1879, order recorded with the Committee Report confirmed the doings of the committee and ordered that Arnold Burt, Sr.'s heirs "shall hereafter hold and enjoy their several proportions in severalty, as divided by said Committee and to their heirs and assigns."

17.     In December 2021, Defendants Philip and Susan Parent executed and conveyed a "Grant of Development Rights, Conservation Restrictions, Option to Purchase and Right of Enforcement of the United States" to Defendant Vermont Land Trust, Defendant Vermont Housing Conservation Board, and Defendant USDA ("Grant 1") and executed and conveyed a "Grant of Development Rights and River Corridor Conservation Restrictions" to Defendant Vermont Land Trust and Defendant Vermont Agency of Natural Resources ("Grant 2," and, collectively with Grant 1, the "Grants").

18.     True and accurate copies of Grant 1 and Grant 2 are attached and incorporated into this Complaint as "Exhibit 4" and "Exhibit 5," respectively.

19.     Grant 1 also granted the United States of America, acting by and through Defendant USDA, a right to enforce Grant 1 in the event that Defendant Vermont Land Trust and/or Defendant Vermont Housing Conservation Board fail to enforce any of the terms of Grant 1.

20.     Grant 2 also granted the Vermont Agency of Natural Resources a right to enforce Grant 2 as a third-party beneficiary.

21.     Defendant USDA's right to enforce the respective Grants was in consideration for the funds it provided to be paid to the Parents, pursuant to the

Agricultural Conservation Easement Program ("ACEP"), 16 U.S.C. §§ 3865 et seq., and 7 C.F.R. §§ 1468, et seq.

22.    The Grants purport to encumber a portion of Plaintiffs' land located on the northern bank of the Missisquoi River, easterly of a small brook/stream running southwesterly from Route 105 to the Missisquoi River, in Sheldon, Vermont and as approximately depicted in Exhibit 1.

23.     Defendants Philip and Susan Parent have never held title to any portion of the Plaintiffs' land purported to be encumbered by the Grants.

24.    Plaintiffs are the sole owners, in fee simple, of the Plaintiff's land purported to be encumbered by the Grants.

25.    Plaintiffs, upon discovering the conveyance of Grant 1 and Grant 2 by Defendants Parents, demanded that the Defendants Parents, Vermont Land Trust, and Vermont Housing Conservation Board disclaim any interest in and to the Plaintiffs' land.

26.    The Defendants' refused Plaintiffs' request.

27.    The Grants confer upon no Defendant any valid interest in Plaintiffs' land.

28.    The Grants constitute a cloud upon Plaintiffs' title to Plaintiffs' land.

29.    The Plaintiffs are entitled to a declaratory judgment that the Grants conveyed no interest in the Plaintiffs land, removing the cloud on their title.

## COUNT II: INJUNCTIVE RELIEF

30.    Plaintiffs reassert paragraphs 1–28 as if fully restated herein.

SP&F ATTORNEYS, P.C.
171 BATTERY STREET
P.O. BOX 1507
BURLINGTON, VERMONT
05402-1507

31.     Defendant Secretary Julie Moore has authority to direct that easements held by the Vermont Agency of Natural Resources be enforced.

32.     The Agency of Natural Resources has not paid the Plaintiffs for the easement it claims on the Plaintiffs' Land.

33.     Neither the Plaintiffs, nor their predecessors in title, have received any compensation for the easement claimed by the Vermont Agency of Natural Resources on the Plaintiffs' land.

34.     Any enforcement by Secretary Moore of the easement claimed by the Vermont Agency of Natural Resources under Grant 2 on the Plaintiffs' land would constitute a taking of the Plaintiffs' land without just compensation in violation of the Plaintiffs rights under the U.S. Constitution.

35.     Wherefore the Plaintiffs are entitled to an order from this Court enjoining Defendant Secretary Moore in her official capacity as Secretary of the Vermont Agency of Natural Resources from enforcing the easement purportedly conveyed to Vermont Agency of Natural Resources by Grant 2.

<u>COUNT III: TRESPASS</u>

36.     Plaintiffs reassert paragraphs 1-35 as if fully restated herein.

37.     Defendants Philip and Susan Parent, by conveying Grant 1 and Grant 2 and by other means, caused shrubs, bushes, and plants to be planted on Plaintiffs' land without the Plaintiffs' permission.

38.     Plaintiffs expended time and money to remove these shrubs, bushes and plants in order to access and use their land to plant crops.

39.     The Defendants' planting of shrubs, bushes, and plants on the Plaintiffs' property without Plaintiffs' permission is an act of trespass.

40.     Plaintiffs incurred damages by having to remove the shrubs, bushes, and plants the Defendants Philip and Susan Parent caused to be planted on the Plaintiffs' land.

41.     Plaintiffs are entitled to damages in the amount it cost Plaintiffs to remove the shrubs, bushes, and plants the Defendants Philip and Susan Parent caused to be planted on the Plaintiffs' land, plus interest at the statutory rate.

**WHEREFORE**, Plaintiffs request the Court order the following relief based on Paragraphs 1–41 above, which are incorporated herein by reference:

A.  Enter Judgment for Plaintiffs:

    i.   Declaring that the Plaintiffs hold all right and title to the land situated south of Route 105 on the north bank of the Missisquoi River, easterly of the brook/stream traversing Plaintiffs' land and west of the western boundary of the Parents' land as said boundary is described in the Committee Report;

    ii.  Declaring the Defendants have no legal right, title, or interest in the land situated south of Route 105 on the north bank of the Missisquoi River, easterly of the brook/stream traversing Plaintiffs' land, and westerly of the western boundary of the Parents' land as said boundary is described in the Committee Report;

B. Enter judgement for Plaintiffs declaring the Grants null and void as to Plaintiffs' land;

C. Issue a permanent injunction in favor of Plaintiffs enjoining Defendant Secretary Moore from enforcing the Vermont Agency of Natural Resources' claimed easement under Grant 2;

D. Award Plaintiffs damages and prejudgment interest against Defendants Philip and Susan Parent for damages incurred as the result of trespass on Plaintiffs' land; and

E. Provide such other relief as the Court deems just and proper including the award of costs incurred by Plaintiffs.

**DATED** at Burlington, Vermont, this 16th day of September 2024.

> **SP&F ATTORNEYS, P.C.**
> **Attorneys for Plaintiffs, Sean and Sarah Stebbins**
>
> By: _____
> John H. Klesch, Esq.
> SP&F Attorneys, P.C.
> 171 Battery Street, P.O. Box 1507
> Burlington, VT 05402-1507
> Telephone: (802) 660-2555
> Fax: (802) 660-2552
> jklesch@firmspf.com

STEBBINS24-001 (STEBBINS V. PARENT) CIVIL COMPLAINT BCS REFMU 24-09-13 V.10 FINAL LIT