UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| Sean Stebbins and <br> Sarah Stebbins, <br>     Plaintiffs, <br> <br> v. <br> <br> Philip Parent and Suzanne Parent, <br> Vermont Land Trust, Inc., <br> Vermont Housing Conservation Board, <br> Julie Moore in her official capacity as <br> Secretary of Vermont Agency of Natural <br> Resources, and <br> United States Department of Agriculture, <br>     Defendants. | Civil Action No. 2:24-cv-01008 |

### PLAINTIFFS' ANSWER TO COUNT II OF THE PARENT DEFENDANTS' COUNTERCLAIM

**NOW COME** Sean Stebbins and Sarah Stebbins ("Plaintiffs"), by and through their attorneys, SP&F Attorneys, P.C., with their Answer to Count II of the Parent Defendants' Counterclaim. Plaintiffs have filed herewith a Motion to Dismiss Count I of the Defendants' Counterclaim and will answer Count I, if necessary, after the Court has disposed of that motion.

The Plaintiffs' answer the allegations pertinent to Count II of the Parent Defendants' Counterclaim as follows:

1. On or about 1960, the parties' predecessors in interest, Charles Dunton and Ulys Parent, agreed that the boundary between their farms should follow the last few hundred feet of the brook flowing into the Missisquoi River, and the triangle between the railroad Rout 105, and Colton Rd should be part of the Dunton farm.

**ANSWER:** Denied that there was any agreement to change the boundary between the Dunton Farm and the Parent Farm. Any agreement was a reciprocal license agreement between Dunton and Parent to use the land of the other.

2.    This boundary was mutually recognized by the adjoining landowners and continuously possessed by both landowners since approximately 1960.

**ANSWER:** Denied that said boundary was mutually recognized by the adjoining landowners. The land was continuously used by the respective landowners consistent with a reciprocal license agreement.

3.    Dunton farmed the land mutually recognized as part of the Dunton farm, and Parent farmed the land mutually recognized as part of the Parent farm.

**ANSWER:** Denied.

4.    The Longe Family continued to recognize the agreed upon boundary for the entirety of their ownership of the farm.

**ANSWER:** Denied that the Longe Family ever recognized an agreed upon boundary as described by Defendants. The Longe Family continued to recognize a reciprocal license agreement entered into by their predecessors in title.

5.    Plaintiffs continued to recognize the agreed upon boundary initially upon taking ownership of the Longe farm, though they have now repudiated the boundary.

**ANSWER:** Denied that the Plaintiffs ever recognized the boundary described by the Defendants. The Plaintiffs provided notice that they would no longer recognize their predecessor's reciprocal license agreement.

### COUNT II: BOUNDARY BY ACQUIESENCE

9. Defendants and the predecessors in interest, and Plaintiffs' predecessors in interest have mutually recognized the boundary between the farms to follow the brook, such that the land now claimed by Plaintiffs is part of Defendants' farm.

**ANSWER:** Denied.

10. The parties and their predecessor in interest have acquiesced to this location of the boundary for well in excess of the statutory 15 year period.

**ANSWER:** This is a legal conclusion which does not require an answer. Insofar as an answer is required, the Plaintiffs deny the allegation.

The Plaintiffs further deny that Defendants are entitled to any of the claimed relief after "Wherefore" on page 6 of the Parent Defendants' Answer and Counterclaim, and deny the Defendants' cited defenses are effective against the Plaintiff's Complaint and claims for relief.

The Plaintiffs further assert the following defenses against the Parent Defendants' Counterclaim:

    a. Statute of Frauds;

    b. Laches;

    c. Unclean Hands.

DATED at Burlington, Vermont, this 20th day of December 2024.

                          **SP&F ATTORNEYS, P.C.**
                          **Attorneys for Plaintiffs, Sean and Sarah Stebbins**

                  By: _/s/ Beriah C. Smith_
                        Beriah C. Smith, Esq.
                        SP&F Attorneys, P.C.
                        171 Battery Street, P.O. Box 1507
                        Burlington, VT 05402-1507
                        Telephone: (802) 660-2555
                        Fax: (802) 660-2552
                        bsmith@firmspf.com

STEBBINS24-004 (STEBBINS V. PARENT) ANSWER TO COUNT II OF DEFENDANTS COUNTERCLAIM LIT